UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVEN-REYNOLDS** | **CASE NO. 2:22-CV-01238** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILSHIRE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is Defendant Wilshire Insurance Company's ("Wilshire") Motion for Partial Summary Judgment (Doc. 16), wherein Wilshire moves the Court to rule that the Policy provides that covered building loss is paid on an actual cash value ("ACV") basis (*i.e.*, the cost to replace the damaged property with like kind and quality less depreciation and the deductible); and replacement cost valuation ("RCV") is not available. Plaintiff Diana Stevens-Reynolds filed no opposition. The motion is ripe.

### I. BACKGROUND

This lawsuit arises from insurance policy coverage disputes stemming from damage caused by Hurricanes Laura and Delta to properties located in Lake Charles, Louisiana, at 2029 See St., 2510 Mary St., 2222 Woodring St., 213 Decker St., and 2208 Commercial St.[1] On May 5, 2022, Plaintiff, dissatisfied with Wilshire's adequacy and timeliness of compensation for her losses under the Policies, filed suit in this Court for damages for breach of contract, violations of Louisiana Revised Statutes sections 22:1892 and 22:1973, and negligent infliction of emotional distress.[2]

---

[1] Doc. 1, pp. 3–5, 8.
[2] *Id.* at 13–17.

Wilshire issued Commercial Policy Number CF00027617 and Commercial Policy No. CF00027589 ("Policies") to Plaintiff.[3] As it relates to building coverage, the Policies afford Plaintiff coverage for direct physical loss of or damage to Covered Property at the premises described in the Declarations pages caused by or resulting from any Covered Cause of Loss.[4] The Policies set forth a loss valuation condition that provides:

> **7. Valuation**
>
> We will determine the value of Covered Property in the event of loss or damage as follows:
>
> a. Actual cash value as of the time of loss or damage, except as provided in **b.**, **c.**, **d.** and **e.** below
>
> . . . .[5]

The Policies define "actual cash value," as modified by the Endorsement, as follows:

> Actual cash value is calculated as the amount it would cost to repair or replace Covered Property, at the time of loss or damage, with material of like kind and quality, subject to a deduction for deterioration, depreciation and obsolescence. Actual cash value applies to valuation of Covered Property regardless of whether that property has sustained partial or total loss or damage.
>
> The actual cash value of the lost or damaged property may be significantly less than its replacement cost.[6]

Plaintiff did not elect to include RCV coverage under the Policies.[7] Covered losses are only to be paid to Plaintiff on an ACV basis.[8]

---

[3] Doc. 16-2, Defendant's Uncontested Statement of Material Facts.
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.*

## II. LEGAL STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## III. LAW & ANALYSIS

Here, Wilshire argues that the Policies provide that the value of Covered Property damage by a covered loss is determined as ACV as of the time of loss or damage, which is defined by the Policies as the amount it would cost to repair or replace Covered Property at the time of the loss or damage, with material of like kind and quality, less the amount of deterioration, depreciation and obsolescence. Wilshire further argues that payment on a replacement cost basis is only triggered if an insured elects that Optional Coverage and pays the associated premiums, as indicated in the Policies' Declarations Pages.

Plaintiff does not dispute Wilshire's arguments. The Policies' valuation provisions state that ACV applies, however, except for the narrow exceptions identified in subsections "b., c., d., and e." of the "7. Valuation" section of Coverage A. Only under those limited conditions is RCV available under the Policies. The Plaintiff does not challenge Wilshire's motion, arguing that one of the exceptions applies. Accordingly, only ACV shall be used.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant Wilshire Insurance Company's ("Wilshire") unopposed Motion for Partial Summary Judgment (Doc. 16) will be **GRANTED** for the reasons stated above.

**THUS DONE AND SIGNED** in Chambers on this 23rd day of August 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**