UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVEN-REYNOLDS** | **CASE NO. 2:22-CV-01238** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILSHIRE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

**MEMORANDUM RULING**

Before the Court is Defendant Wilshire Insurance Company's ("Wilshire") Motion for Summary Judgment (Doc. 17), wherein Wilshire moves the Court to dismiss all claims by Plaintiff Diana Stevens-Reynolds against it with prejudice because Plaintiff refused to sit for examinations under oath in violation of her Policies. Plaintiff opposes the motion. Docs. 23, 30, 43. Wilshire has replied. Doc. 38.

### I. BACKGROUND

This lawsuit arises from insurance policy coverage disputes stemming from damage caused by Hurricanes Laura and Delta to Plaintiff's properties located in Lake Charles, Louisiana, at 2029 See St., 2510 Mary St., 2222 Woodring St., 213 Decker St., and 2208 Commercial St ("Properties").[1] These Properties were insured by Wilshire, which issued Commercial Policy Numbers CF00027617 and CF00027589 ("Policies") to Plaintiff.[2]

After Hurricane Laura, Plaintiff reported the loss to Wilshire. Thereafter, Wilshire requested records, photographs, and/or receipts of the alleged damages.[3] On February 2,

---

[1] Doc. 1, pp. 3–5, 8.
[2] Doc. 17-2, Defendant's Uncontested Statement of Material Facts.
[3] Doc. 17-2, Defendant's Uncontested Statement of Material Facts.

2022, Plaintiff submitted a settlement demand alleging damages in excess of $3,400,000.00.[4] Records, photographs, and/or receipts for many of the alleged damages were not provided.[5] Wilshire sent letters setting the examinations under oath of Plaintiff on February 15, 2021, March 29, April 12 and 27, 2022.[6] No responses were provided.[7] On May 5, 2022, Plaintiff, dissatisfied with Wilshire's adequacy and timeliness of compensation for her losses under the Policies, filed suit in this Court for damages for breach of contract, violations of Louisiana Revised Statutes sections 22:1892 and 22:1973, and negligent infliction of emotional distress.[8] As of August 14, 2023, Plaintiff has not complied with her Policies and submitted to an examination under oath.[9]

## II. <u>LEGAL STANDARD</u>

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *Id.* at 13–17.
[9] Doc. 38.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III. LAW & ANALYSIS

Here, Wilshire argues that Plaintiff, four times, ignored its request to examine Plaintiff under oath pursuant to her Polices. Moreover, Wilshire argues that Plaintiff's recalcitrance and failure to comply with the Polices have deprived Wilshire of the right to properly and thoroughly investigate the claims. In an untimely memorandum in opposition,

Plaintiff argues that she has never refused to allow her statement under oath to be taken.[10] In an supplemental memorandum in opposition, Plaintiff acknowledges that an examination under oath is a requirement in her Policies and is now willing to cooperate by submitting to an examination under oath.

Plaintiff's Policies' Commercial Property Conditions include Legal Action Against Us Section Ds that provide: "No one may bring a legal action against us . . . unless: 1. There has been full compliance with all of the terms of this Coverage Part . . . ."[11] Additionally, Plaintiff's Policies contain Building and Personal Property Coverage Form Section Es that provide:

> **3. Duties In The Event Of Loss Or Damage**
>
> **a.** You must see that the following are done in the event of loss or damage to Covered Property:
>
> . . .
>
> **(8)** Cooperate with [Defendants] in the investigation or settlement of the claim.
>
> **b.** [Defendants] may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonably required, about any matter relating to this insurance or the claim . . . .[12]

The Fifth Circuit has stated that

> under Louisiana law the [f]ailure of an insured to cooperate with the insurer has been held to be a material breach of the contract and a defense to suit on the policy and such failure to cooperate may be manifested by a refusal to submit to an examination under oath or a refusal to produce documents.

---

[10] Doc. 23.
[11] Docs. 17-9, -10.
[12] Doc. 17-9, pp. 33–34.

*E.g.*, *Kerr v. State Farm Fire & Cas. Co.*, 511 F. App'x 306, 307 (5th Cir. 2013) (internal quotations omitted). Moreover, Louisiana "[c]ourts have generally reviewed compliance with insurance policy provisions as a condition precedent to recovery." *Lee v. United Fire & Casualty Co.*, 607 So.2d 685, 688 (La. Ct. App. 4th Cir. 1992). Thus, a "failure to fulfill policy requirements that are conditions precedent to an insurance contract precludes suit under the policy." *Mosadegh v. State Farm Fire & Cas. Co.*, 330 F. App'x 65, 66 (5th Cir. 2009) (citing *Lee*, 607 So.2d at 688 (La. Ct. App. 4th Cir. 1992); *Robbert v. Equitable Life Assur. Soc.*, 217 46 So.2d 286 (La. 1949)). Here, Wilshire's attached *Exhibits* 1–6,[13] which are written correspondence between counsel, show on four occasions that it requested Plaintiff submit to an examination under oath. This is proper summary judgment evidence that shows Wilshire has repeatedly requested Plaintiff to submit to an examination under oath, which, according to her Policies, is a condition precedent to filing her first-party suit against Wilshire.

In addition to showing that that the Plaintiff failed to submit to the examination under oath, Wilshire "must also show that it has been prejudiced by the failure of the [Plaintiff] to submit to [an] examination[] under oath." *See Hamilton v. State Farm Fire & Cas. Ins. Co.*, 477 F. App'x 162, 165 (5th Cir. 2012). Wilshire argues that the four requests for examination under oath were made over a year ago, making relevant, obtainable information too remote, thus hindering its investigation into Plaintiff's claims. Wilshire waited over a year to raise it argument that Plaintiff's failure to comply with her Policy has

---

[13] Doc. 17-3, -4, -5, -6, -7, -8.

prejudiced it. Additionally, Plaintiff has acknowledged her intent to cooperate and sit for an examination under oath/deposition. Therefore, Wilshire may depose the Plaintiff. In all, since Wilshire is not prejudiced, Plaintiff claims survive summary judgment. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 248.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant Wilshire Insurance Company's ("Wilshire") Motion for Summary Judgment (Doc. 17) will be **DENIED** for the reasons stated above.

**THUS DONE AND SIGNED** in Chambers on this 24th day of August 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**