UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVEN-REYNOLDS** | **CASE NO. 2:22-CV-01238** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILSHIRE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is Defendant Wilshire Insurance Company's ("Wilshire") Motion for Partial Summary Judgment (Doc. 18), wherein Wilshire moves the Court to rule that the 2208 Commercial Street Property ("Property") Policy's Roof Exclusion excludes Plaintiff Diana Stevens-Reynolds's claimed damages for the Property and thus should be dismissed. Plaintiff opposes the motion. Docs. 31, 42. Wilshire has replied. Doc. 39.

### I. BACKGROUND

This lawsuit arises from insurance policy coverage disputes stemming from damage caused by Hurricanes Laura and Delta to properties located in Lake Charles, Louisiana, at 2029 See St., 2510 Mary St., 2222 Woodring St., 213 Decker St., and 2208 Commercial St.[1] On May 5, 2022, Plaintiff, dissatisfied with Wilshire's adequacy and timeliness of compensation for her losses under the Policies, filed suit in this Court for damages for breach of contract, violations of Louisiana Revised Statutes sections 22:1892 and 22:1973, and negligent infliction of emotional distress.[2]

---

[1] Doc. 1, pp. 3–5, 8.
[2] *Id.* at 13–17.

Page **1** of **5**

Wilshire issued Commercial Policy Number CF00027617 and Commercial Policy No. CF00027589 to Plaintiff.[3] As it relates to building coverage, the Policies afford Plaintiff coverage for direct physical loss of or damage to Covered Property at the premises described in the Declarations pages caused by or resulting from any Covered Cause of Loss.[4] Relevant to this motion is the Policy covering the 2208 Commercial Street Property, No. CF00027589 ("Policy"), which contains a Roof Exclusion Endorsement that states:

> This policy does not provide coverage for:
>
> 1. Any loss or damages to roof(s) caused by the perils of windstorm and/or hail, including direct or indirect loss resulting from or contributed to by windstorm or hail; or
>
> 2. Interior or exterior water damage caused by or resulting from poor roof conditions,
>
> At any premises shown in the Schedule above.
>
> [Wilshire] will consider removing this exclusion if, during the term of this policy period, the roof(s) is (are) repaired or replaced and you provide written documentation along with a photo to [Wilshire]. If [Wilshire] determine[s] the condition of the roof(s) to be acceptable, we will remove the exclusion by endorsement.[5]

Plaintiff reported the loss on September 1, 2020.[6] After several inspections, Wilshire determined that the Roof Exclusion applied and coordinated payment of $7,854.07 on May 27, 2021, with Plaintiff's counsel.[7]

## II. LEGAL STANDARD

---

[3] Doc. 18-1, p. 18.
[4] *Id.*
[5] *Id.*
[6] Doc. 18-5, p. 18.
[7] Id. at 6.

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted). The Court is not required to search the record for material fact issues. *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material

fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

### III. **LAW & ANALYSIS**

Here, Wilshire argues the Roof Exclusion applies to preclude Plaintiff's claims for coverage on the 2208 Commercial Street Property under the Policy because the two buildings covered by the Policy, identified in the Policy as "Vacant Building[s]," are abandoned and dilapidated, for which the Policy does not cover losses stemming from this condition. Specifically, the buildings were constructed in 1990 and used as a motel but were abandoned when Hurricanes Laura and Delta struck Lake Charles. Wilshire presents summary judgment evidence that Transcynd Claim Partners' September 12, 2020 inspection of the Property determined that the Property's buildings were in disrepair, vacant, and contained several structural issues that preceded Hurricanes Laura and Delta. Doc. 18-4. Moreover, Wilshire provides summary judgment evidence that on October 2, 2020, Transcynd re-inspected the property and determined that the Property was not being utilized as a motel due to the poor condition. Doc. 18-6. Additionally, the October 2, 2020 inspection determined that the claimed damages were due to the "wear & tear & deterioration of the roof." *Id.* Wilshire also presents summary judgment evidence that on April 28, 2021, Vertex Engineering performed an inspection of the Property with Plaintiff's public adjuster, Bruce Copeland, and found that the water intrusion from the roof was not caused by Hurricanes Laura and Delta but was due to the historic condition of the structure. Doc. 18-9. Wilshire has produced sufficient summary judgment evidence showing that the Roof Exclusion applies to bar claims under the Policy for damages caused by water

intrusion. Accordingly, the burden now shifts to Plaintiff to come forward with evidence that the poor condition of the roof was not the cause of the water intrusion.

In her August 7, 2023 Opposition, Plaintiff argues that she has made every attempt to show that the Roof Exclusion is invalid and should be given the opportunity to compel evidence from Wilshire that proves such.[8] Additionally, Plaintiff argues that the roof was in an insurable condition. Despite Plaintiff's arguments, she produces no summary judgment evidence that the Roof Exclusion does not apply. Therefore, the Court finds that the Policy's Roof Exclusion applies. Consequently, Plaintiff's claimed damages at the 2208 Commercial Street Property are excluded by the Policy.

### IV.  CONCLUSION

**IT IS ORDERED** that Defendant Wilshire Insurance Company's ("Wilshire") unopposed Motion for Partial Summary Judgment (Doc. 18) will be **GRANTED** for the reasons stated above.

**THUS DONE AND SIGNED** in Chambers on this 25th day of August 2023.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**

---

[8] It must be noted that Plaintiff's opposition was marked deficient for want of a statement of material facts. Plaintiff thereafter filed a deficient corrective statement. Subsequently, Plaintiff filed her Statement of Material Facts (Doc. 42). The Court will not consider Plaintiff's memorandum in opposition, which was included in deficient corrective statement filing, because that memorandum was untimely as to the instant motion.