UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVEN-REYNOLDS** | **CASE NO. 2:22-CV-01238** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILSHIRE INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is "Wilshire Insurance Company and IAT Insurance Group's Motion for Partial Summary Judgment on Loss of Business Income" (Doc. 52). Plaintiff has not filed an opposition to the Motion and the time for doing so has now lapsed.

## FACTUAL STATEMENT

Plaintiff alleges in her Complaint for Damages that she is owed lost business income for four rental properties and motel buildings; she is seeking loss of business income in the amount of $653,961.67 for the rental properties and $2,224,912.00 for the motel.[1] The following facts are undisputed. Defendant Wilshire Insurance Company issued commercial policies for the properties during the relevant time period. However, the policies' Declaration's pages and/or the policies do not include coverage for Loss of Business Income or any other related coverage.[2] Additionally, the motel policy specifically states that the two motel buildings are vacant, and the motel policy contains a Vacancy Permit Endorsement, which excludes additional causes of loss because the insured buildings are vacant.[3]

---

[1] Doc. 1, ¶ 23, 42, 46.
[2] Docs. 16-3, pp. 13-14 and 16-4, p. 10.
[3] *Id.* pp. 10 and 38.

Additionally, Plaintiff's Complaint allege that the "Policy for the 'properties' did not provide any coverage for loss of rents."[4]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. The party moving for summary judgment is initially responsible for identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the motion for summary judgment if the movant fails to meet this burden. *Id*.

If the movant makes this showing, however, the burden then shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (quotations omitted). This requires more than mere allegations or denials of the adverse party's pleadings. Instead, the nonmovant must submit "significant probative evidence" in support of his claim. *State Farm Life Ins. Co. v. Gutterman*, 896 F.2d 116, 118 (5th Cir. 1990). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249 (citations omitted).

A court may not make credibility determinations or weigh the evidence in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). The court is also required to view all evidence in the light most favorable

---

[4] Doc. 1, ¶ 12. (Despite ¶ 23 of the Complaint alleging "loss of income to be more than $653,961.67.")

to the non-moving party and draw all reasonable inferences in that party's favor. *Clift v. Clift*, 210 F.3d 268, 270 (5th Cir. 2000). Under this standard, a genuine issue of material fact exists if a reasonable trier of fact could render a verdict for the nonmoving party. *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008).

## LAW AND ANALYSIS

Here, Plaintiff seeks damages for loss of business income for her rental properties and motel properties. However, it is undisputed that the motel was vacant, and the policies do not provide for any coverage loss of business income or any other related coverage. As such, there is no genuine issue of material fact for trial as to Plaintiff's claims for loss of business income as to the rental properties and the motel properties.

## CONCLUSION

For the reasons explained herein, the Wilshire Insurance Company and IAT Insurance Group's Motion for Partial Summary Judgment on Loss of Business Income" (Doc. 52) will be granted dismissing with prejudice, Plaintiff's claims against Defendants, Wilshire Insurance Company and IAT Insurance Company for loss of business income as to the rental properties and motel properties.

**THUS DONE AND SIGNED** in Chambers on this 18th day of December, 2023.

　　　　　　　　　　_____
　　　　　　　　　　**JAMES D. CAIN, JR.**
　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**