UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DIANA STEVENS-REYNOLDS**           **CASE NO. 2:22-CV-01238**

**VERSUS**           **JUDGE JAMES D. CAIN, JR.**

**WILSHIRE INSURANCE CO. ET AL**           **MAG. JUDGE WHITEHURST**

## MEMORANDUM ORDER

Before the Court is a Motion to Compel Discovery Responses and Depositions or, in the alternative, Motion for Sanctions Pursuant to Rule 37 (Doc. 63) filed by the Defendants, Wilshire Insurance Company and IAT Insurance Group. Plaintiff, Diana Stevens-Reynolds, opposes the motion.[1] Doc. 75. Defendants filed a reply brief. Doc. 78.

This litigation arises out of an insurance claim for losses sustained from Hurricanes Laura and Delta. On November 9, 2023, Defendants propounded written discovery upon the Plaintiff, who failed to object or provide responses within the thirty days provided under Federal Rules of Civil Procedure 33 and 34(b). On December 22, 2023, Defendants emailed Plaintiff's counsel requesting that he submit the discovery responses and schedule a Rule 37 conference, but no response was received. Doc. 63-5.

In addition, Defendants attempted to discuss the scheduling of depositions for the Plaintiff and four additional individuals beginning on November 9, 2023, and again on November 30, 2023. Doc. 63-7; Doc. 63-8. When no response was received, Defendants

---

[1] Defendants contend that Plaintiff's opposition brief is untimely and should not be considered. Doc. 78 at 1.

set the requested depositions for December 28, 2023, and provided Plaintiff's counsel with a Notice of Deposition for all five individuals. Doc. 63-9. On December 28, 2023, the day of the scheduled depositions, Plaintiff's counsel indicated that he was ill and there was no one else from his firm available to cover for him. Doc. 63-11. When no one appeared for their depositions, Defense counsel dictated the failure to appear on the record for each of the five noticed depositions. Doc. 63-12; Doc. 63-13; Doc. 63-14; Doc. 63-15; Doc. 63-16.

On January 2, 2024, Defendants filed the instant Motion to Compel requesting the following relief from the Court: (1) responses from the Plaintiff to the previously propounded written discovery by January 4, 2024; (2) for the Plaintiff to appear and be deposed on January 8, 2024; (3) for the previously noticed depositions of Bruce Copeland, Charlie Fisher, Gavin Devore, and Jamicia Fisher, to take place on January 8, 2024; and (4) all costs and attorney's fees associated with the filing of the motion. Doc. 63 at 2.

On January 9, 2024, Plaintiff filed an unopposed motion to continue the trial date due to the serious illness and emergency hospitalization of Plaintiff's counsel. Doc. 69. The motion was granted, and trial was reset for September 16, 2024. Doc. 73.

On January 25, 2024, Plaintiff filed an opposition to the Motion to Compel, noting that discovery responses were sent to defense counsel in response to the motion to compel. Doc. 75. Plaintiff's opposition did not address Defendants' concerns regarding the depositions. Defendants characterize Plaintiff's discovery responses as deficient, conclusory, and containing circular statements. Doc. 78. However, the Court notes that

2

while Defendants reference the "incomplete discovery responses" as an exhibit to their reply brief, a copy was not uploaded to CM/ECF for the Court to review.

Given that the trial date has been continued and the Court is unable to review Plaintiff's discovery responses, the Court will allow Plaintiff's counsel the opportunity to supplement the responses on or before **March 15, 2024**, to resolve any outstanding issues without further intervention by the Court.

Additionally, Plaintiff's counsel is ordered to work with Defense counsel to schedule and complete the depositions of Diana Stevens-Reynolds, Bruce Copeland, Charlie Fisher, Gavin Devore, and Jamicia Fisher on or before **April 12, 2024**.

The motion to compel deadline is extended until **April 15, 2024**.

Defendants also request attorney fees and costs incurred for being forced to file the Motion to Compel. If discovery is only provided after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). In this instance, Plaintiff's counsel did not provide discovery responses until after the Motion to Compel was filed and has not addressed the absence of individuals from their noticed depositions.

Based on the foregoing, the Defendants' Motion to Compel (Doc. 63) is **GRANTED** with the deadlines set by the Court herein.

Defendants are instructed to file a detailed statement of fees and costs associated with the filing of the Motion to Compel no later than **March 25, 2024**. Counsel for the Plaintiff may file any objections no later than **April 1, 2024**.

**THUS DONE AND SIGNED** in Chambers on this 26th day of February, 2024.

_____
JAMES D. CAIN, JR.
**UNITED STATES DISTRICT JUDGE**