UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

**DIANA STEVENS-REYNOLDS**        :   CASE NO. 2:22-CV-01238

**VERSUS**                        :   JUDGE JAMES D. CAIN, JR.

**WILSHIRE INSURANCE CO. ET AL**  :   MAG. JUDGE WHITEHURST

## MEMORANDUM ORDER

Before the Court is a Motion in Limine to Exclude Plaintiff's Undisclosed Expert Witnesses (Doc. 64) filed by the Defendants, Wilshire Insurance Company and IAT Insurance Group. Plaintiff, Diana Stevens-Reynolds, opposes the motion.[1] Doc. 76. Defendants also filed a reply brief. Doc. 77.

The Court's scheduling order in this matter set a deadline for the Plaintiff to "furnish to the Defendants the names and written reports of any physician (other than a treating physician) or other expert witness plaintiff intends to call on or before October 31, 2023 (90 days before trial)."[2] Doc. 14.

Defendants move to exclude the Plaintiff from presenting at trial or in motion practice, any testimony, opinions, reports, or other evidence from Bruce Copeland, or any other undisclosed expert witness, including any public adjuster or engineer, based on

---

[1] Defendants contend that Plaintiff's opposition brief is untimely and should not be considered. Doc. 77 at 1.

[2] On January 9, 2024, Plaintiff filed an unopposed motion to continue the trial date due to the serious illness and hospitalization of Plaintiff's counsel. Doc. 69. The motion was granted without extending any expired deadlines, and trial was reset for September 16, 2024. Doc. 73.

Plaintiff's failure to comply with the deadline to provide expert reports and disclosures. Doc. 64.

On January 26, 2024, Plaintiff filed an opposition indicating that "there are no undisclosed expert witnesses," noting that Defendants are clearly aware of Bruce Copeland because the Defendants also filed a Motion to Compel his deposition testimony. Doc. 76. Plaintiff did not address Defendants' contention that she failed to provide a report or any other documents from Bruce Copeland. *Id.*

Under the Federal Rules of Civil Procedure, a party must disclose the identity of any expert witness it may use at trial and generally must accompany this disclosure with a written report prepared and signed by the witness. Fed. R. Civ. P. 26(a)(2). The report must contain, among other things, "a complete statement of all opinions the witness will express and the basis and reasons for them." *Id*. at 26(a)(2)(B)(i). The purpose of this requirement is to prevent unfair surprise. *Davidson v. Ga. Pacific, LLC*, 2014 WL 36621, at *3 (W.D. La. Jan. 6, 2014). The Court has broad discretion to enforce its scheduling order, including deadlines related to expert disclosures and expert reports. *Lemings v. Taylor*, 2021 WL 2550279, at *4 (M.D. La. June 22, 2021); Fed. R. Civ. P. 16(f).

Under Federal Rule of Civil Procedure 37(c), a party who fails to comply with the expert disclosure requirements may face sanctions. "[T]he presumptive sanction for failing to disclose a testifying expert or supply a required expert report or summary disclosures is to exclude or limit the expert's testimony unless the failure was substantially justified or harmless." *Honey-Love v. United States*, 664 F. App'x 358, 362 (5th Cir. 2016) (citing Fed. R. Civ. P. 37(c)(1)).

In this instance, the Court concludes that the presumptive sanction is appropriate. Plaintiff has presented no explanation or evidence to suggest that the failure to provide an expert report is substantially justified. Further, the lack of an expert report is not harmless. Without an expert report the Defendants have no information as to Bruce Copeland's qualifications, expert opinions, or methodology, which is an important factor in the development of their legal position and strategy. Moreover, the Court's scheduling order is issued for the benefit of both parties and the orderly litigation of the case. The deadlines contained therein may not be extended without an order from the Court, which was not requested by the Plaintiff.

Accordingly, **IT IS ORDERED** that Defendants' Motion in Limine (Doc. 64) is hereby **GRANTED**. Bruce Copeland is excluded from testifying as an expert witness, but he will be allowed to testify as a fact witness. Additionally, any other expert witness who has not provided a report to the Defendants is excluded from testifying as an expert witness.

**THUS DONE AND SIGNED** in Chambers on this 28th day of February, 2024.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**