UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **STEVEN-REYNOLDS** | **CASE NO. 2:22-CV-01238** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **WILSHIRE INSURANCE CO ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## MEMORANDUM ORDER

Before the Court is "Plaintiff's Motion for Jury Trial Pursuant to FRCP 39(B)" (Doc. 93) filed on April 23, 2024. Defendants, Wilshire Insurance Company and IAT Insurance Group oppose the Motion.

## INTRODUCTION

This lawsuit arises from insurance policy coverage disputes stemming from damage caused by Hurricanes Laura and Delta to properties located in Lake Charles, Louisiana, at 2029 See St., 2510 Mary St., 2222 Woodring St., 213 Decker St., and 2208 Commercial St.[1] On May 5, 2022, Plaintiff, dissatisfied with Wilshire's adequacy and timeliness of compensation for her losses under the Policies, filed suit in this Court for damages for breach of contract, violations of Louisiana Revised Statutes §§ 22:1892 and 22:1973, and negligent infliction of emotional distress.

On April 24, 2023, after unsuccessfully proceeding through the Case Management Order, the trial of this matter was set for January 3, 2024. Upon Motion and request of

---

[1] Doc. 1, pp. 3-5, 8. On August 25, 2023, the Court issued a Memorandum Ruling and Judgment dismissing Plaintiff's claims as to the 2208 Commercial Street property. See Docs. 48 and 49.

Plaintiff, the trial was continued and reset for September 16, 2024; all lapsed were not reinstated.[2]

## LAW AND ANALYSIS

This lawsuit was filed on May 7, 2022, with no jury demand by either party. It has been set for trial twice, and still no jury demand. Now, just four months prior to trial, after all motion practice has been completed and numerous rulings issued by the Court, Plaintiff makes a demand that the matter be decided by a jury. Defendants oppose the Motion and argue that Plaintiff's request is untimely and highly prejudicial to their defenses.

The Fifth Circuit has identified five factors the court should consider in determining in its discretion under Rule 39(b) if Plaintiff's request for a jury trial be granted. *Daniel International Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990). Those factors are as follows:

(1) whether the case involves issues which are best tried to a jury;

(2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party:

(3) the degree of prejudice to the adverse party;

(4) the length of the delay in having requested a jury trial; and

(5) the reason for the movant's tardiness in requesting a jury trial.

*Id.* As to factor one, the Court finds this factor neutral. While many of these Hurricane cases have been tried to a jury, the Court has tried almost as many as bench trials. Therefore, the Court is well versed in the issues at hand. The Court finds that factor two

---

[2] The only deadlines that were still open was the real time glossary and the submission of trial exhibits to the Deputy Clerk of Court.

weighs in favor of Defendants. Defendants have relied on trying this case as a bench trial since May of 2022. As noted by Defendants, a jury trial will take longer and will require Defendants to re-think their presentation of the evidence to a jury as opposed to the undersigned, all of which is a disruption of their current schedule.

The Court finds that factor three weighs heavily in favor of Defendants. Defendants have anticipated a bench trial since the inception of this lawsuit and have tailored their evidence to that end. Now that the significant deadlines have lapsed, Defendants would be prejudiced in any attempt to prepare for a jury trial. Likewise, factor four weighs heavily in favor of Defendants. This case has been designated as a bench trial for two years, and Plaintiff provides the Court with no logical reason for delaying until shortly before trial after the deadlines have lapsed to demand a jury trial.

Factor five also weighs heavily in favor of Defendants. Plaintiff provides the Court with no justifiable explanation as to why, four months prior to trial, she reverses course in demanding a jury trial. After considering the relevant factors, the Court in its discretion finds that the majority of the factors weigh heavily in Defendant's favor. As such,

**IT IS ORDERED** that Plaintiff's Motion for Jury Trial Pursuant to FRCP 39(B)" (Doc. 93) is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 2nd day of May, 2024.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**